Hillsborough-southern judicial district
No. 2002-743

THE STATE OF NEW HAMPSHIRE

v.

ANGEL ROLDAN

Argued: June 9, 2004
Opinion Issued: July 23, 2004

*Peter W. Heed,* attorney general (*Susan G. Morrell,* senior assistant attorney general, on the brief and orally), for the State.

*Kacavas Law Offices, P.L.L.C.*, of Manchester (*James P. O'Rourke, Jr.* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Angel Roldan, was indicted on one count of being a drug enterprise leader, and three separate counts of conspiracy to sell cocaine, crack cocaine, and methylenedioxymethamphetamine (MDMA) or ecstasy. *See* RSA 318-B:2, I, XII (Supp. 2003); RSA 629:3 (Supp. 2003). Following a jury trial in the Superior Court (*Groff*, J.), he was convicted on all four counts. We affirm.

In the summer and fall of 2000, the New Hampshire State Police Narcotics Investigation Unit (NIU), the Manchester and Nashua police departments, the U.S. Drug Enforcement Administration, and other agencies began a joint investigation of the defendant's narcotics-related activities. On March 22, 2001, the NIU secured a wiretap on cellular telephone lines belonging to the defendant and his associate, Danny Brown. Calls on these lines were monitored by officers and simultaneously recorded on magneto optical discs. The majority of the intercepted telephone calls were in Spanish, the defendant's first language. The subject matter of these calls routinely related to the purchase, sale and transportation of illegal drugs by the defendant and his associates.

Officers who spoke fluent Spanish assisted in the monitoring and simultaneous transcription of many of the intercepted calls. In addition, the NIU forwarded over 400 intercepted calls to the National Guard Counter Drug Program center in Utah for transcription. These transcriptions were subsequently reviewed by Spanish-speaking officers in New Hampshire for accuracy.

One of the Spanish-speaking officers who assisted in the investigation was Officer Nathaniel Taveras of the Manchester Police Department. Officer Taveras monitored some of the intercepted telephone calls as they were being made, simultaneously transcribed these calls verbatim in Spanish, and subsequently prepared written English translations of his transcripts. Officer Taveras also prepared Spanish transcripts of previously recorded calls and translated those transcripts into English. In addition, Officer Taveras reviewed Spanish transcripts and their English translations prepared by others for accuracy against the original recorded conversations.

A second Spanish-speaking officer who aided in the investigation was Cynthia Bautista, a dispatcher for the Nashua Fire Department. Bautista prepared Spanish and English translations of some of the intercepted calls that had been previously recorded on magneto discs. These transcriptions and translations were subsequently reviewed by Officer Taveras and other Spanish-speaking officers for accuracy.

On April 18, 2001, the defendant was arrested and subsequently indicted. Prior to trial, the superior court approved his request for one thousand dollars to hire an independent translator, which the defendant did. Also prior to trial, the State disclosed the transcripts and translations, including information identifying who prepared them, the original recordings of the intercepted calls and a list of witnesses that it expected to call. During trial, the court provided the defendant with the services of a neutral court interpreter, David Souza, to translate the court proceedings into Spanish for the defendant and to translate the defendant's statements into English.

At trial, Officers Taveras and Bautista described the method by which the intercepted calls were collected and translated into English, and attested to the accuracy of these transcriptions and translations. The defendant objected to their testimony, arguing that since they had aided the State in the preparation of its case, they could not testify as to the accuracy of the transcripts and translations presented by the State under Superior Court Rule 109. He also argued that the State had not disclosed that it expected to call as experts Officers Taveras and Bautista, violating Superior Court Rule 98(A)(2)(i).

In overruling the defendant's objections, the superior court ruled that Superior Court Rule 109 did not apply to language expert witnesses for the State, but rather to neutral court interpreters. The court certified Officers Taveras and Bautista as expert witnesses, found that the State's pre-trial disclosure was adequate, and ruled that their testimony was therefore admissible.

During trial, the State also called as a witness co-conspirator Felix Gonzalez, who spoke English and Spanish fluently. He testified as to the meaning of a number of the telephone conversations in Spanish containing slang and code words referring to narcotics. The defendant objected, arguing that because Gonzalez had assisted the State in the preparation of its case by agreeing to testify, his translations could not be allowed under Superior Court Rule 109. Overruling these objections, the superior court ruled that because of his personal knowledge of the subject matter of the conversations, Gonzalez could properly testify regarding the meaning of the drug slang and code words in Spanish found in the recordings. The jury convicted the defendant on all four counts.

On appeal, the defendant argues: (1) that the trial court erred by permitting witnesses who assisted in the State's investigation to testify regarding the accuracy of transcriptions and English translations of recorded telephone calls in Spanish; and (2) that the State's pre-trial disclosure of these witnesses was not adequate.

We will uphold a trial court's decision to admit evidence absent an unsustainable exercise of discretion. *State v. Glodgett*, 148 N.H. 577, 579 (2002).. To show that the trial court's decision is not sustainable, the defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of his case. *State v. Lambert*, 147 N.H. 295, 296 (2001). The trial court has wide discretion in admitting or excluding expert opinion. *State v. Hammond*, 144 N.H. 401, 406 (1999).

■ Superior Court Rule 109 states: "No person, who has assisted in the preparation of a case, shall act as an interpreter at the trial thereof, if objection is made." SUPER. CT. R. 109. The defendant misconstrues the meaning of the word "interpreter" in Rule 109. Rule 109 applies only to neutral court interpreters, retained by the court, to interpret court proceedings. David Souza was such a neutral court interpreter. Rule 109 does not apply to witnesses, presented by either party, offering testimony regarding the meaning of foreign-language evidence or the accuracy of foreign-language transcripts and translations. Moreover, it does not apply to translators retained by the parties to translate and verify foreign-language testimony and translations. *See United States v. Armijo*, 5 F.3d 1229, 1234-35 (9th Cir. 1993). Therefore, Officers Taveras and Bautista were not interpreters under Superior Court Rule 109. They were, however, properly certified as expert witnesses by the trial court. *See* N.H. R. Ev. 702.

■ The defendant also fails to meet his burden of establishing that the admission of Taveras' and Bautista's testimony prejudiced his case. The superior court allocated to the defendant money for the purpose of retaining a translator to verify and challenge the accuracy of the evidence presented by the State. Though he did hire such a translator, the defendant did not raise any objection to specific inaccuracies in Taveras' or Bautista's testimony. Therefore, his general claim of prejudice based upon the witnesses' purported bias is unsupportable. Thus, the certification of these witnesses as experts and the admission of their testimony was not untenable or unreasonable. *See State v. DeCosta*, 146 N.H. 405, 407 (2001).

As to the alleged error relating to the admission of the testimony of Felix Gonzalez, we conclude that Rule 109 did not apply for the reasons set forth above. To the extent that the defendant may have intended to raise any other issues regarding Gonzalez' testimony, he did not sufficiently brief them. Thus, we decline to review them. *See State v. Blackmer*, 149 N.H. 47, 49 (2003).

The defendant next argues that the State failed to comply with Superior Court Rule 98(A)(2)(i) by failing to provide notice of its intention to offer Officers Taveras and Bautista as experts, along with a summary of their

qualifications. In response, the State contends that the defendant fails to meet his burden, under *State v. Gamester*, 149 N.H. 475, 478 (2003), to show that the admission of Officers Taveras' and Bautista's testimony prejudiced his case.

The admissibility of evidence is generally within the trial court's discretion. *Gamester*, 149 N.H. at 478. We will not reverse the trial court's admission of evidence absent an unsustainable exercise of discretion. *Id.* This standard applies to review of the trial court's decision with respect to alleged discovery violations. *Id.* To show that the trial court's exercise of discretion is unsustainable, the defendant must show that the decision was clearly unreasonable to the prejudice of his case. *Id.* "In the context of a discovery violation, actual prejudice exists if the defense has been impeded to a significant degree by the nondisclosure." *Id.* at 479 (quotation and brackets omitted). "Unfair prejudice is not mere detriment to a defendant from the tendency of the evidence to prove his guilt . . . ." *Id.* at 480 (quotation omitted).

■ Under Rule 98, the State was required to provide the defense, within thirty days after the defendant had entered a not guilty plea, "results or reports of physical or mental examinations, scientific tests or experiments, or any other reports or statements of experts, as well as a summary of each expert's qualifications." SUPER. CT. R. 98(A)(2)(i). The State complied with this requirement by providing to the defense the transcripts and translations, identified as being prepared or reviewed by Officers Taveras and Bautista. *See Gamester*, 149 N.H. at 478-79. Rule 98 also required the State to provide the defendant with a list of the witnesses it anticipated calling at trial. *See* SUPER. CT. R. 98(C)(1). The State complied with this requirement by listing Officers Taveras and Bautista as expected witnesses. *See Gamester*, 149 N.H. at 479. Although the State complied only partially with the rule, because it did not provide a summary of each expert's qualifications, the defendant does not argue that he was thereby prejudiced. Thus, he does not meet his burden.

*Affirmed.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.