July 18, 2000

Professor Richard A. Williamson
College of William and Mary
Williamsburg, Virginia 23185

Mr. David M. George
Government Relations Contracts
D5-20
West Group
610 Opperman Drive
Eagan, Minnesota 55123

Elizabeth Oyster, Esq.
Geronimo Development Corp.
606 25th Avenue, South
Suite 206
St. Cloud, Minnesota  56301

Mead Data Central, Inc.
Legal Data Collections
8891 Gander Creek Drive
Miamisburg, Ohio 45342

Paul Fletcher, Publisher
Virginia Lawyers Weekly
106 North Eighth Street
Richmond, Virginia 23219

Re:  David Edward Hartigan, III
     v. Commonwealth of Virginia
     Record No. 1002-98-4

Gentlemen and Ms. Oyster:

I am enclosing to you a copy of an order entered by this Court in the above-referenced case on July 18, 2000.  The Court has directed that this order be published in the appropriate volumes.  I appreciate your cooperation in ensuring that publication is accomplished.

Sincerely,

Marty K. P. Ring
Deputy Clerk

MKPR:mfr

Enclosure

Tuesday          18th

July, 2000.

David Edward Hartigan, III,                                    Appellant,

 against       Record No. 1002-98-4
               Circuit Court No. 93324

Commonwealth of Virginia,                                      Appellee.

Before Chief Judge Fitzpatrick, Judges Benton, Coleman, Elder, Bray, Bumgardner, Humphreys and Senior Judge Cole

Vanessa M. Antoun, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Thomas D. Bagwell, Senior Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

A jury convicted David Edward Hartigan, III, of grand larceny. On appeal, Hartigan contends (1) the trial judge erred in admitting evidence that impermissibly commented on Hartigan's exercise of his constitutional privilege against self-incrimination and (2) that after the Commonwealth introduced in the sentencing proceeding evidence of his prior convictions, including the sentences for which he was parole eligible, the trial judge erred in refusing to instruct the jury that parole has been abolished. A panel of this

Court reversed the conviction.  See Hartigan v. Commonwealth, 31 Va. App. 243, 522 S.E.2d 406 (1999).  We granted a rehearing en banc.

While this rehearing was pending, the Supreme Court decided Fishback v. Commonwealth, ___ Va. ___, ___ S.E.2d ___ (2000), holding that, as to those offenses to which Code § 53.1-165.1 applies, "juries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995 pursuant to Code § 53.1-165.1."  Id. at ___, ___ S.E.2d at ___.  For that reason, and for the reasons stated in the previous panel decision, the stay of this Court's December 28, 1999 mandate is lifted, and we reverse the conviction on both issues and remand for a new trial.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk