Sullivan
No. 2000-527

THE STATE OF NEW HAMPSHIRE

v.

BERT SPAULDING, JR.

Argued: January 17, 2002
Opinion Issued: April 16, 2002

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*DesMeules, Olmstead & Ostler*, of Norwich, Vermont (*George H. Ostler* on the brief and orally), for the defendant.

BRODERICK, J. The defendant, Bert Spaulding, Jr., appeals his convictions for multiple counts of aggravated felonious sexual assault and felonious sexual assault against three fifteen-year-old girls, R.D., J.V. and T.O. *See* RSA 632-A:2, I(m), III, :3, II (1996 & Supp. 2001). He asserts that the Superior Court (*Morrill*, J.) erred in: (1) denying his motions for mistrial based upon alleged violations of his right against self-incrimination; and (2) precluding cross-examination about alleged consensual sexual contact between two of the victims. We affirm.

The following facts were adduced at trial. The defendant met R.D. in April 1998, while he was residing with her brother. R.D. moved in with them in June. After R.D. turned fifteen in July, she and the defendant became "boyfriend and girlfriend" and, shortly thereafter, began having sexual relations.

In December 1998, the defendant and R.D. participated in a "threesome" with R.D.'s friend, J.V. R.D. testified that she had invited J.V. to her house and that they had showered together before the defendant arrived home. Once the defendant came home, he asked R.D. if they were "going to have the threesome or not because J[.V.] had to go home soon." The defendant then engaged in sexual relations, including intercourse, fellatio and cunnilingus, with both girls. R.D. testified that J.V.'s participation was consensual. On cross-examination, the defendant sought to question R.D. about alleged consensual sexual activity between her and J.V. during their shower. The trial court sustained the State's objection to such inquiry and later precluded the defendant from recalling R.D. to question her about the same issue.

J.V. testified that she did not consent to sexual contact with the defendant and that he had forced her to engage in sexual acts. She also denied showering with R.D. In addition, she testified that the following week when she was alone with the defendant, he again forced her to have sexual intercourse and oral sex. Upon the State's objection, the trial court did not allow the defendant to cross-examine J.V. about her alleged consensual sexual relationship with R.D.

In January 1999, the defendant and R.D. had another "threesome" with R.D.'s friend, T.O. According to R.D., the defendant engaged in sexual intercourse with her, engaged in cunnilingus and fellatio with both her and T.O., and digitally penetrated T.O.

During the State's case, Lieutenant James Brown testified that the defendant had voluntarily gone to the police station after the police interviewed R.D. and T.O. and, upon being advised of his *Miranda* rights, agreed to answer some questions. *See Miranda v. Arizona*, 384 U.S. 436 (1966). On direct examination, the prosecutor asked Lieutenant Brown, "After Mr. Spaulding indicated that he lived at the same residence with

R[.D.] and [her brother], what did you next ask him?" The lieutenant replied, "I next asked him if he had ever had sexual intercourse . . . ." The defendant immediately objected and moved for a mistrial, arguing that the prosecutor intended to elicit testimony that he had declined to answer the question based upon his *Miranda* rights. The court denied the motion but promptly issued the following curative instruction:

> Members of the jury, you're to disregard the County Attorney's question and Lieutenant Brown's answer that you just heard. They're inadmissible and you should not consider them. I knew [*sic*] we stopped him in the middle of his answer, but, again, if you feel that you – what part of that answer you heard so far you could not strike [from] your mind and sit here and hear the remainder of the evidence in this case fairly, you should let me know now. Is anyone going to have a problem with striking that question and answer from their [*sic*] mind and not considering it at all during their deliberations, raise their [*sic*] hand. I see no hands.

Shortly after he resumed questioning, the prosecutor asked Lieutenant Brown, "Did you have any conversation with Mr. Spaulding about whether or not anything had taken place between R[.D.], T[.O.], and he [*sic*] in bed?" Lieutenant Brown responded, "I had asked Mr. Spaulding if he had had sexual intercourse." The defendant renewed his motion for a mistrial, again on the basis that the State is not allowed to comment on a defendant's assertion of his constitutional right to remain silent. After a bench conference, the court denied the motion "[b]ecause neither the state nor the state's witness actually commented on the defendant's refusal to answer those questions." Nonetheless, the court instructed the jury to ignore the question and issued the following limiting instruction:

> You will recall that there was a conference at the bench in response to the County Attorney's last question and Lieutenant Brown started to answer. Again, the question and the answer are irrelevant to your deliberations and you should not speculate. I know you've indicated earlier you can strike it from your mind [*sic*]. I'm going to ask you to strike it from your mind [*sic*], but I'm also going to ask you not to speculate as to what I'm trying to keep from you, do you understand? Okay.
>
> The defendant has no obligation to prove his innocence in this case. And whatever you do, you have to consider him an innocent person until the state proves his guilt beyond a reasonable doubt

and you shouldn't use speculation or surmise in any way for any inferential reason.

Now, my first question is, can you strike from your mind [*sic*] during the course of your deliberations the County Attorney's last question and Lieutenant Brown's – the portion of Lieutenant Brown's answer that you heard? Does anyone have any problems with that? Do you all promise not to speculate as to why I'm keeping this information from you or what the information might add to the case, can you do that? Is anyone going to have any problems doing that? Okay. Go ahead.

The defendant was found guilty of one count of pattern aggravated felonious sexual assault against R.D., two counts of felonious sexual assault against J.V., and one count of aggravated felonious sexual assault and one count of felonious sexual assault against T.O. This appeal followed.

I

The defendant first argues that the trial court erred when it denied his motions for mistrial after the prosecutor tried to elicit testimony that he had asserted his right to remain silent in the face of police questioning, in violation of his right against self-incrimination under Part I, Article 15 of the New Hampshire Constitution and the Fifth Amendment of the United States Constitution. He asserts that Lieutenant Brown twice testified, in response to questions from the prosecution, that he had asked the defendant whether he had sexual intercourse with the victims, which he contends amounted to improper comment upon his silence. We address the defendant's argument first under our State Constitution. *See State v. Ball,* 124 N.H. 226, 231 (1983). Because the New Hampshire Constitution is at least as protective as the Federal Constitution in this area, we need not undertake a separate federal analysis, *see State v. McLellan,* 139 N.H. 132, 136-37 (1994), and cite federal law only to aid our analysis, *see State v. Maya,* 126 N.H. 590, 594 (1985).

When a suspect asserts his right to remain silent after receiving *Miranda* warnings, all questioning must cease. *McLellan,* 139 N.H. at 137. In a subsequent trial, a defendant's constitutionally protected silence may not be used against him. *Id.; see Doyle v. Ohio,* 426 U.S. 610 (1976). A mere reference by a witness to a defendant's silence, without more, however, does not necessarily require a mistrial. *State v. Cote,* 126 N.H. 514, 531 (1985). An instruction to disregard the reference to silence is generally sufficient in the absence of prosecutorial misconduct or comment that cannot be cured by a cautionary jury instruction. *Id.*

■ Here, the record shows that neither the prosecutor nor the witness made any reference, direct or indirect, to the defendant's refusal to answer the referenced questions. The officer's answers were cut short by defense objections before any testimony was elicited that could have reasonably led to an inference that the defendant had invoked his right to remain silent in the face of questioning. Therefore, we conclude that Lieutenant Brown's testimony did not warrant a mistrial. Even if such an inference could have been drawn, any resulting prejudice was cured by the cautionary instructions which were immediately given by the court.

## II

The defendant next argues that the trial court violated his right to adduce all favorable proofs and to confront witnesses under Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment of the United States Constitution when it precluded him from cross-examining R.D. and J.V. about the details of alleged consensual sexual activity during a shower that they had allegedly taken together. Again, we address the defendant's arguments under our State Constitution first. *See Ball,* 124 N.H. at 231. Because the Federal Confrontation Clause affords no greater protection than the State Confrontation Clause, we need not undertake a separate federal analysis. *See State v. Dixon,* 144 N.H. 273, 278 (1999).

■ ■ We begin by analyzing the defendant's claim that his right to produce all favorable proofs was violated. Part I, Article 15 of the New Hampshire Constitution gives a defendant only the right to produce witnesses, not to produce their testimony. *State v. Graf,* 143 N.H. 294, 296 (1999). It does not entitle the defendant to introduce evidence in violation of the rules of evidence. *Id.* at 296-97. Therefore, a judge may exclude a witness's testimony on evidentiary grounds. *Id.* at 297. Because the defendant does not contend that he was prevented from producing witnesses, his argument that the trial court's refusal to allow him to present evidence of the victims' alleged prior sexual activity with each other violated his right to produce all favorable proofs has no merit.

■ We turn next to the defendant's argument that the trial court's limitation of his ability to cross-examine the victims violated his constitutional right to confront witnesses against him. Though fundamental, a defendant's right to cross-examine prosecution witnesses is not unfettered. *See State v. Ramos,* 121 N.H. 863, 866 (1981). While the trial court may not completely deny a defendant the right to cross-examine a witness, it possesses broad discretion to limit the examination's scope on improper matters of inquiry. *See id.* at 867.

 The admissibility of prior sexual conduct is governed by the rape shield law, which generally prohibits inquiry into the prior consensual sexual activity between an alleged victim of sexual assault and persons other than the defendant. *See* RSA 632-A:6, II (1996); N.H. R. Ev. 412. The purpose behind this law is to spare the victim from unnecessary embarrassment, prejudice and harassment. *State v. Howard*, 121 N.H. 53, 57 (1981). Nonetheless, due process and the right of confrontation limit the application of the rape shield law in certain cases. *Id.* at 58. Accordingly, a defendant in a prosecution under RSA chapter 632-A must, upon motion, be given an opportunity to demonstrate that due process requires the admission of evidence of a victim's prior sexual conduct. *Id.* In cases where such evidence is relevant, it is admissible only where the trial court determines that its probative value outweighs its prejudicial effect on the victim. *Id.* at 59.

We will not reverse the trial court's decision limiting the scope of cross-examination absent an unsustainable exercise of discretion. *State v. Rogers*, 138 N.H 503, 507 (1994); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining the unsustainable exercise of discretion standard). To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *Lambert*, 147 N.H. at 296.

 In this case, the defendant had an opportunity to make a showing to the trial court that due process required the admissibility of evidence of the girls' alleged consensual sexual activity. The court evaluated the proffered testimony and determined that it was not admissible under New Hampshire Rule of Evidence 412. We find that this decision was neither untenable nor unreasonable.

 The defendant contends that the testimony was relevant for impeachment purposes and to demonstrate the girls' motive to fabricate the charges against him in order to hide the fact that "they engaged in sex together." Although we agree that the proffered testimony was relevant, we cannot say that its probative value outweighed the prejudicial effect on the victims in this case. As the trial court noted, R.D.'s testimony that she and J.V. had showered together had contradicted J.V.'s version of events; thus, the two had already impeached each other. Moreover, the nexus in this case between the girls' alleged sexual conduct and their purported motive to fabricate the charges against the defendant was tenuous. Indeed, the defendant presented no evidence that the girls fabricated the charges in order to explain away or discredit reports of their prior sexual activity. On the other hand, the proposed questions would have been highly prejudicial to the victims by emphasizing their supposed sexual

immorality. *Cf. State v. Dean*, 129 N.H. 744, 748-49 (1987) (appropriate to exclude evidence of sexual acts where its marginally probative value was far outweighed by prejudicial effect when purpose of questions was "to portray th[e] victim before the jury as some sort of a masochistic tramp"). Accordingly, we conclude that the trial court's ruling to limit cross-examination of the two victims was within its sound discretion and did not violate any constitutional protections afforded the defendant.

The defendant further argues that the State opened the door to the admissibility of the girls' testimony when it asked them about events, including their shower, leading up to the defendant's conduct. We need not address this issue because it is not properly before us on appeal. Our review of the record reveals that the defendant never raised this argument before the trial court. A contemporaneous and specific objection is required to preserve an issue for appellate review. *State v. McMinn*, 141 N.H. 636, 642 (1997). This rule, which is based upon common sense and judicial economy, recognizes that trial courts should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court. *Id.* In addition, the defendant makes only passing reference to this argument in his brief and did not include it in his notice of appeal. *See State v. Santamaria*, 145 N.H. 138, 144 (2000) (court will not devote appellate resources to issues that receive only passing reference in brief and notice of appeal).

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.