Hillsborough-northern judicial district
No. 2001-469

## THE STATE OF NEW HAMPSHIRE

v.

## MICHAEL REMICK

Argued: July 9, 2003
Opinion Issued: August 18, 2003

*Peter W. Heed,* attorney general (*Jeffery A. Strelzin,* assistant attorney general, on the brief and orally), for the State.

*Landya McCafferty,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Michael Remick, was convicted by a jury in Superior Court (*Lynn,* J.) of one count of attempted aggravated felonious sexual assault. *See* RSA 632-A:2, I (j) (1996); RSA 629:1 (Supp. 2002). On

appeal, he argues that the trial court erred in denying his request for a mistrial after the State introduced evidence of his silence. *See* U.S. CONST. amends. V, XIV; N.H. CONST. pt. I, art. 15. We affirm.

The jury could have found the following facts. The defendant entered his fourteen-year-old daughter's room at approximately 5:00 a.m. on August 13, 2000. He was fully undressed, and got on top of her and told her to "do this or die." Then he attempted to have her perform fellatio. The defendant ejaculated around the victim's mouth, which she then wiped with her comforter. DNA testing on the victim's shirt and comforter corroborated the presence of the defendant's semen.

After the incident, the victim used the telephone in her room to call her sister, and then 911. The defendant returned to her room while she was on the phone, and when he realized that the police had arrived at the house, he apologized to the victim, said he was drunk and told her to tell the police it was a false alarm. He tried to grab the phone from the victim, who ran down the stairs and opened the door for the police officers. The defendant then went to the door, and an officer commanded him to step out onto the porch. The defendant appeared intoxicated, and an officer immediately handcuffed him and ordered him to sit upon a stone wall near the driveway.

At trial, one of the officers testified: "I went over to [the defendant] to ask him what happened, and at that point he just closed his eyes and wouldn't talk to me." The defendant objected, and moved for a mistrial. After the trial court held a hearing outside the presence of the jury, it concluded that while the testimony did not violate the defendant's *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), the State had engaged in a discovery violation because it had not disclosed the testimony to the defendant prior to trial. The court denied the motion for a mistrial, but struck the testimony from the record and instructed the jury to disregard the testimony.

Although the defendant cites both the Federal and State Constitutions, his argument is based upon a case from the United States Court of Appeals for the First Circuit that construes and applies the Fifth Amendment of the Federal Constitution. *See Coppola v. Powell*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 493 U.S. 969 (1989). Because he does not assert that the State Constitution affords greater protection than the Federal Constitution, we consider only the defendant's Fifth Amendment rights under the Federal Constitution. *See State v. Hill*, 146 N.H. 568, 577-78 (2001).

█ █ Three basic principles guide the application of the Fifth Amendment privilege against self-incrimination: (1) invocation of the right

is construed liberally; (2) invocation of the right does not require any magic words; and (3) the privilege applies to suspects questioned during investigations — it is not limited to persons in custody or charged with a crime. *Coppola*, 878 F.2d. at 1565. While use of pre-arrest silence to impeach a defendant's credibility is not unconstitutional, use of pre-arrest silence in the case-in-chief, in which the defendant does not testify, is unconstitutional. *Id.* at 1568; *cf. State v. Demeritt*, 148 N.H. 435, 440 (2002) (fundamental fairness precludes State's use of defendant's pre-*Miranda*, pre-arrest silence both in its case-in-chief and for impeachment purposes where police officer ordered defendant to remain silent).

The State argues that because the federal circuits are split on whether a defendant's pre-arrest, pre-*Miranda* silence can be used as part of the State's case-in-chief, *see State v. Moore*, 965 P.2d 174, 180 (Idaho 1998), we are not compelled to follow *Coppola*. While this assertion may be true in theory, *see Martineau v. Perrin*, 119 N.H. 529, 531 (1979), we will follow the First Circuit's precedent in analyzing this case. *Cf. State v. Adams*, 133 N.H. 818, 823-24 (1991).

In this case, the defendant did not testify. The jury heard testimony from one of the State's witnesses that prior to his arrest, when asked for his side of the story, the defendant remained silent. Assuming that this was sufficient to invoke his Fifth Amendment privilege, we conclude that admission of this testimony was unconstitutional. *Coppola*, 878 F.2d at 1568. The State argues that if the admission was erroneous, the court's jury instruction to disregard the testimony cured any error, and if not, the error was harmless beyond a reasonable doubt. We agree.

"A mistrial based on the introduction of inadmissible evidence is warranted only when the challenged evidence causes irreparable injustice that cannot be cured by jury instructions." *State v. Pandolfi*, 145 N.H. 508, 512 (2000) (quotation omitted). When evidence of a defendant's silence is erroneously admitted at trial, that error is generally cured by instructions to the jury to disregard the testimony. *State v. Spaulding*, 147 N.H. 583, 587 (2002). A mere reference by a witness to a defendant's silence, without more, does not necessarily require a mistrial. *Id.* In the absence of prosecutorial misconduct or comment that cannot be cured by a cautionary instruction to the jury, an instruction to disregard the reference to the silence is generally sufficient. *Id.* We presume that jurors follow the trial court's instructions. *State v. Dowdle*, 148 N.H. 345, 348 (2002). Furthermore, when inadmissible testimony, erroneously presented to the jury, is ambiguous, "a defendant is not so substantially prejudiced that a mistrial is required." *State v. Hall*, 148 N.H. 671, 675 (2002) (quotation omitted). In this case, the court found that the jury would very likely view

the testimony, not as an admission, but rather as the defendant falling asleep. *Cf. State v. Haley*, 141 N.H. 541, 550-51 (1997). Furthermore, the prosecutor did not utilize the fact of the defendant's silence, nor did she comment upon it at any time. *Cf. State v. Booton*, 114 N.H. 750, 760 (1974).

The erroneous admission of evidence of a defendant's silence is also subject to harmless error analysis. *Coppola*, 878 F.2d at 1569. "For us to hold that an error was harmless, the State must prove beyond a reasonable doubt that the error did not affect the verdict." *State v. Dupont*, 149 N.H. 70, 75 (2003). "An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt." *Id.* (quotation omitted).

Here, the jury heard substantial additional evidence of the defendant's guilt. *Cf. Demeritt*, 148 N.H. at 440. The victim testified in detail regarding the assault. She testified that after the assault, she left a message at her sister's house and then called 911 to report that her father had raped her. The 911 dispatcher confirmed this testimony, and testified that the victim sounded frightened and frantic. The victim's sister testified that she received a telephone message from the victim immediately after the assault in which the victim repeatedly whispered for her to pick up the phone. The sister later met the victim at the hospital and testified that the victim described the assault, and was crying and appeared "numb." The victim's mother testified that the night of the assault, the defendant was so angry and intoxicated that she left the house with the victim's grandmother (who also lived in the home) and spent the night in a hotel. An expert witness testified that both the victim's shirt, which she wore during the assault, and the comforter from the victim's bed had semen on them. The DNA from the semen matched the defendant's DNA.

■ In light of the ambiguous nature of the officer's testimony, the curative steps taken by the court, and the other evidence before the jury, we conclude beyond a reasonable doubt that the evidence of the defendant's silence did not affect the verdict. *Cf. State v. Munson*, 126 N.H. 191, 193 (1985). Any error was therefore harmless.

The defendant also argues that: (1) a mistrial was warranted because his silence was the result of custodial interrogation and he had not received *Miranda* warnings prior to questioning; and (2) the constitutional violation was compounded by the State's discovery violation in that the State failed to disclose the evidence of the defendant's silence prior to trial. Because we have already concluded that any error in admitting the defendant's silence was harmless beyond a reasonable doubt, we need not reach the

*Miranda* issue. If the defendant's *Miranda* rights were violated, the erroneous admission of the defendant's silence, as discussed above, was harmless beyond a reasonable doubt. We are not persuaded by the defendant's argument, without citation, that the compound impact of a discovery violation and a constitutional violation requires a different result. *Cf. State v. Ellison*, 135 N.H. 1, 6 (1991) (inadmissible testimony, introduced contrary to prior court order, did not entitle defendant to mistrial).

All issues raised in the notice of appeal, but not briefed, are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.