863 A.2d 999

**Mark Edward WEITZEL**

v.

**STATE of Maryland.**

**No. 44, Sept. Term 2004.**

Court of Appeals of Maryland.

Dec. 21, 2004.

Anne K. Olesen (Jennifer P. Lyman, Community Legal Clinics of George Washington University Law School, Washington, DC, on brief), for petitioner.

Michelle W. Cole, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

RAKER, J.

In this case, we revisit the "tacit-admission" rule and the issue of the admissibility of pre-arrest silence in the presence of a law enforcement officer as substantive evidence of guilt. We shall hold that a defendant's pre-arrest silence in police presence is inadmissable under Maryland evidence law as direct evidence of guilt.

I.

On March 17, 2002, police and paramedics responded to a 911 call from the Holabird East apartments in Baltimore County. They discovered Darla Effland lying unconscious and severely injured at the bottom of a public stairwell. The only other persons present were Thomas Crabtree and petitioner Mark Weitzel. Following a brief on-scene investigation, Baltimore County Police Officer Frederick Johnson placed Weitzel under arrest.

Weitzel was indicted by the Grand Jury for Baltimore County for the offenses of attempted murder and first degree assault. Prior to trial, the State indicated that it intended to introduce at trial evidence as a "tacit admission" that Weitzel had sat by silently as Crabtree told Officer Johnson that Weitzel had thrown Effland down the stairs.

Weitzel filed a motion in limine to exclude the evidence. At a hearing on the motion, Crabtree testified that he, Weitzel, Effland, and others had purchased and smoked cocaine the afternoon of Effland's fall, and that he had observed Weitzel smoke cocaine and drink vodka within the two hours preceding Officer Johnson's arrival. Crabtree also testified that he had punched Weitzel two to three times in the face, and that Weitzel had "curled up in a ball on the floor," where he remained for approximately ten minutes until the police arrived. According to Crabtree, Weitzel was approximately four feet away from Crabtree at the time he told Johnson that Weitzel had thrown Effland down the stairs. Weitzel had his eyes open and appeared conscious, but had said nothing since being punched. Crabtree did not remember precisely what he had told Johnson, but remembered that he had pointed to Weitzel and indicated that "he" had thrown Effland down the stairs. Crabtree did not think he had used Weitzel's name, and did not know whether Weitzel was looking in his direction when he pointed.

Officer Johnson testified that he had interviewed Crabtree in Weitzel's presence, and that Weitzel had remained silent as Crabtree accused him of throwing Effland down the stairs.

According to Johnson, Weitzel was sitting on the stairs, he appeared conscious and cognizant, and he did not display signs of intoxication. Johnson remembered Crabtree looking (not pointing) at Weitzel, and referring to him as "Mark." Johnson testified that he "advised [Weitzel] that he was under arrest for first degree assault for pushing the victim Effland down the stairs," and that Weitzel "made no comment" in response to this statement. Weitzel apparently had no difficulty in following Johnson's commands to stand up, turn around, and submit to handcuffing. Once at the police station, Weitzel did not respond when asked if he understood his *Miranda* rights, but did provide oral answers to routine booking questions. When asked if he wanted to make a statement, Weitzel "just gave [Johnson] a blank stare." Johnson also testified that Weitzel's lips were "a little swollen," and that Crabtree had admitted to striking Weitzel once in the mouth.

The Circuit Court denied Weitzel's motion to exclude the evidence, reasoning that Weitzel had been awake, alert, and cognizant of what was happening. The court ruled that the evidence was admissible as a tacit admission by the defendant.

At trial, the State offered evidence of Weitzel's silence and Weitzel objected. Weitzel was convicted of the lesser included offense of second degree assault and sentenced to ten years incarceration.

Weitzel noted a timely appeal to the Court of Special Appeals. In an unreported opinion, that court affirmed. We granted Weitzel's petition for writ of certiorari to consider the following questions:

(1) Whether, as a matter of law, police officer presence together with the defendant's participation in recent unlawful conduct distinct from the offense under investigation renders pre-arrest silence too ambiguous to be admissible;

(2) Whether, as a matter of law, police officer presence together with the possibility of mental impairment on the part of the defendant renders pre-arrest silence too ambiguous to be admissible;

(3) Whether the trial court abused its discretion in admitting evidence of Mr. Weitzel's silence as a tacit admission when there were other equally plausible explanations for his silence.

*Weitzel v. State,* 381 Md. 677, 851 A.2d 596 (2004).

Before this court, Weitzel argues that his silence was inherently ambiguous, in that a jury could only speculate as to whether it reflected an admission of guilt as to the assault, rather than an attempt to avoid detection of his illegal drug use or merely the effects of intoxication and recent head trauma. He also contends that, even if his silence were not inadmissable as a matter of law, the Circuit Court abused its discretion when it concluded that a reasonable person in Weitzel's position would have responded to Crabtree's accusation if false.

The State argues that Weitzel's silence was not ambiguous, that the record supports a conclusion that Weitzel was capable of both understanding and responding to Crabtree's accusation. The State further suggests that any error was harmless beyond a reasonable doubt.

## II.

The trial court permitted the State to use Weitzel's silence as substantive evidence of his guilt. This evidence is commonly referred to as "pre-arrest" silence, *i.e.,* refusal to speak or answer questions by a person who has not yet been read *Miranda* rights and is usually not under arrest.[1]

---

1. In *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that any adverse use, whether substantive or for impeachment, of post-arrest, post-*Miranda* silence violates a defendant's due process rights. In *Jenkins v. Anderson,* 447 U.S. 231, 239, 100 S.Ct. 2124, 2130, 65 L.Ed.2d 86 (1980), the Court held that pre-arrest silence may be admitted on cross-examination to impeach a defendant's credibility. The Court commented further on the use of silence in *Fletcher v. Weir,* 455 U.S. 603, 607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490 (1982), holding that the use of post-arrest, pre-*Miranda* silence for impeachment purposes does not offend due process. The Court has not yet addressed the issue of the use of pre-arrest, pre-*Miranda* silence as substantive evidence of guilt.

As a threshold matter, Weitzel is met by *Key–El v. State*, 349 Md. 811, 709 A.2d 1305 (1998), in which this Court, in a 4–3 decision, held that pre-arrest silence may be admissible against a defendant if it satisfies the prerequisites for use as a tacit admission. *Id.* at 818, 709 A.2d at 1308. Petitioner in that case contended that evidence of pre-arrest silence in the presence of a police officer should be *per se* inadmissible as a matter of evidentiary·law, or, in the alternative, that it should be inadmissible as a violation of the right against compelled self-incrimination under the Fifth Amendment to the United States Constitution. *Id.* at 815, 709 A.2d at 1306. We surveyed the views of our sister states on the issue of whether pre-arrest silence can ever give rise to a tacit admission by an accused when a police officer is present, and recognized the split in authority in both the state courts and federal circuits. A majority of the federal courts considering the issue had ruled that pre-arrest silence could not be used as substantive evidence of guilt in the government's case in chief. Since *Key–El* was decided, more courts around the country have held that such evidence is inadmissible, either because it is too ambiguous to be probative, or because it violates the Fifth Amendment. *See Combs v. Coyle*, 205 F.3d 269 (6th Cir.2000); *People v. Rogers*, 68 P.3d 486 (Colo.Ct.App.2002); *State v. Moore*, 131 Idaho 814, 965 P.2d 174 (1998); *State v. Remick*, 149 N.H. 745, 829 A.2d 1079 (2003); *State v. Leach*, 102 Ohio St.3d 135, 807 N.E.2d 335 (2004); *Hartigan v. Commonwealth*, 31 Va.App. 243, 522 S.E.2d 406 (1999); *State v. Clark*, 143 Wash.2d 731, 24 P.3d 1006 (2000); *State v. Adams*, 221 Wis.2d 1, 584 N.W.2d 695 (1998); *Spinner v. State*, 75 P.3d 1016 (Wyo.2003).

We think the better view is that the evidence is too ambiguous to be probative when the "pre-arrest silence" is in the presence of a police officer, and join the increasing number of jurisdictions that have so held.[2] To the extent that *Key–El* is inconsistent with this view, it is hereby overruled.

---

2. Therefore, we do not reach the constitutional issue of whether admission of a defendant's pre-arrest silence as substantive proof of guilt

As noted above, courts around the country have taken different paths in analyzing substantive use of pre-arrest silence, some relying on an evidentiary analysis and relevancy, and others employing a constitutional analysis. The United States Supreme Court has commented on the probative value of silence on several occasions over the past decades. In *United States v. Hale,* 422 U.S. 171, 176, 95 S.Ct. 2133, 2136, 45 L.Ed.2d 99 (1975), in considering an accused's post-*Miranda* silence during an initial police interrogation, the Court held that evidence related to the defendant's silence should not have been admitted, noting that the defendant's silence could just as "easily be taken to indicate reliance on the right to remain silent as to support an inference that the explanatory testimony was later a fabrication." *Id.* at 177, 95 S.Ct. at 2139. Finding silence ambiguous, the Court noted as follows:

"In most circumstances silence is so ambiguous that it is of little probative force. For example, silence is commonly thought to lack probative value on the question of whether a person has expressed tacit agreement or disagreement with contemporaneous statements of others. See 4 Wigmore § 1071. Silence gains more probative weight where it persists in the face of accusation, since it is assumed in such circumstances that the accused would be more likely than not to dispute an untrue accusation. Failure to contest an assertion, however, is considered evidence of acquiescence only if it would have been natural under the circumstances to object to the assertion in question. 3A Wigmore § 1042. The Raffel Court [*Raffel v. United States,* 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926)] found that the circumstances of the earlier confrontation naturally called for a reply. Accordingly, the Court held that evidence of the prior silence of the accused was admissible. But the situation of an arrested is very different, for he is under no duty to speak and, as in this case, has ordinarily been advised by

violates the Fifth Amendment to the United States Constitution's privilege against self-incrimination. *See Nationsbank v. Stine,* 379 Md. 76, 86, 839 A.2d 727, 733 (2003).

government authorities only moments earlier that he has a right to remain silent, and that anything he does say can and will be used against him in court.

At the time of arrest and during custodial interrogation, innocent and guilty alike—perhaps particularly the innocent—may find the situation so intimidating that they may choose to stand mute. A variety of reasons may influence that decision. In these often emotional and confusing circumstances, a suspect may not have heard or fully understood the question, or may have felt there was no need to reply. See Traynor, The Devils of Due Process in Criminal Detection, Detention, and Trial, 33 U. Chi. L.Rev. 657, 676 (1966). He may have maintained silence out of fear or unwillingness to incriminate another. Or the arrestee may simply react with silence in response to the hostile and perhaps unfamiliar atmosphere surrounding his detention. In sum, the inherent pressures of in-custody interrogation exceed those of questioning before a grand jury and compound the difficulty of identifying the reason for silence."
*Id.*

Other courts around the country have reasoned that silence, in and of itself, whether pre-arrest, pre-*Miranda*, or post-arrest, simply is too ambiguous to have probative value as an indicator of guilt and any probative value would be outweighed by the prejudice to the defendant at trial.[3] In *Ex parte*

---

3. The First, Sixth, Seventh and Tenth Circuits hold that pre-arrest, pre-*Miranda* silence is not admissible as substantive evidence of guilt. *Combs v. Coyle*, 205 F.3d 269, 283 (6th Cir.2000); *United States v. Burson*, 952 F.2d 1196, 1200–01 (10th Cir.1991), *cert. denied* 503 U.S. 997, 112 S.Ct. 1702, 118 L.Ed.2d 411 (1992); *Coppola v. Powell*, 878 F.2d 1562, 1568 (1st Cir.1989), *cert. denied* 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383 (1989); *United States ex rel. Savory v. Lane*, 832 F.2d 1011, 1017–18 (7th Cir.1987). The Fifth, Ninth and Eleventh Circuits have held that pre-arrest, pre-*Miranda* silence is admissible as substantive evidence of guilt. *United States v. Oplinger*, 150 F.3d 1061, 1066 (9th Cir.1998); *United States v. Zanabria*, 74 F.3d 590 (5th Cir.1996); *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir.1991).

State courts are also split on the issue, with some courts holding that pre-arrest, pre-*Miranda* silence is not admissible as substantive evidence of guilt. *See People v. Welsh*, 80 P.3d 296 (Colo.2003); *People v.*

*Marek*, 556 So.2d 375, 382 (Ala.1989), the Alabama Supreme Court rejected the legal reasoning that when an accused is confronted with an accusation, an individual who considers himself innocent will deny such an accusation. The court abolished the tacit admission rule, to the extent that the rule permits evidence of an accused's silence when confronted with an accusation, both as to pre-arrest situations as well as post-arrest situations. The court reasoned as follows:

"That underlying premise, that an innocent person *always* objects when confronted with a baseless accusation, is inappropriately simple, because it does not account for the manifold motivations that an accused may have when, confronted with an accusation, he chooses to remain silent. Confronted with an accusation of a crime, the accused might well remain silent because he is angry, or frightened, or because he thinks he has the right to remain silent that the mass media have so well publicized. Furthermore, without that premise that silence in the face of an accusation means that the accused thinks he is guilty, the tacit admission rule cannot withstand scrutiny, because the observation that the accused remained silent could *not necessarily* lead to the inference that the accused knew that he was guilty; without the premise that silence in the face of accusation necessarily results from guilt, the tacit admission rule merely describes two concurrent events, accusation and silence, without giving the reason for the concurrence of the two events.

*Rogers*, 68 P.3d 486, 492 (Colo.Ct.App.2002); *Landers v. State*, 270 Ga. 189, 508 S.E.2d 637, 638 (1998); *State v. Moore*, 131 Idaho 814, 965 P.2d 174, 180 (1998); *State v. Dunkel*, 466 N.W.2d 425, 428–29 (Minn. Ct.App.1991); *State v. Rowland*, 234 Neb. 846, 452 N.W.2d 758, 763 (1990); *People v. DeGeorge*, 73 N.Y.2d 614, 543 N.Y.S.2d 11, 541 N.E.2d 11, 13 (N.Y.1989); *State v. Leach*, 102 Ohio St.3d 135, 807 N.E.2d 335, 342 (2004); *Hartigan v. Commonwealth*, 31 Va.App. 243, 522 S.E.2d 406, 410 (1999), *aff'd en banc* 32 Va.App. 873, 531 S.E.2d 63 (2000); *State v. Easter*, 130 Wash.2d 228, 922 P.2d 1285, 1292 (1996); *State v. Fencl*, 109 Wis.2d 224, 325 N.W.2d 703 (1982); *Tortolito v. State*, 901 P.2d 387, 390 (Wyo.1995).

Other courts hold that pre-arrest, pre-*Miranda* silence does not implicate the Fifth Amendment. *State v. Leecan*, 198 Conn. 517, 504 A.2d 480, 484 (1986); *State v. Kinder*, 942 S.W.2d 313, 326 (Mo.1996); *State v. Helgeson*, 303 N.W.2d 342, 348 (N.D.1981).

Accordingly, neither logic nor common experience any longer supports the tacit admission rule, if, indeed, either ever supported it."

*Id.* at 381.

In *People v. DeGeorge*, 73 N.Y.2d 614, 543 N.Y.S.2d 11, 541 N.E.2d 11 (1989), the New York Court of Appeals held that pre-arrest silence in the presence of police officers is inadmissible at trial because silence is the natural reaction of many people in the presence of law enforcement officers. The court noted as follows:

"Silence in these circumstances is ambiguous because an innocent person may have many reasons for not speaking. Among those identified are a person's awareness that he is under no obligation to speak or to the natural caution that arises from his knowledge that anything he says might later be used against him at trial, a belief that efforts at exoneration would be futile under the circumstances, or because of explicit instructions not to speak from an attorney. Moreover, there are individuals who mistrust law enforcement officials and refuse to speak to them not because they are guilty of some crime, but rather because they are simply fearful of coming into contact with those whom they regard as antagonists. In most cases it is impossible to conclude that a failure to speak is more consistent with guilt than with innocence.

Moreover, despite its lack of probative value the evidence undoubtedly affects a witness' credibility. Jurors, who may not be sensitive to the wide variety of alternative explanations for a defendant's pretrial silence, may assign much more weight to it than is warranted and thus the evidence may create a substantial risk of prejudice."

*Id.* at 13, 541 N.E.2d 11. (Quotation marks and internal citations omitted).

Similarly, the United States Court of Appeals for the Sixth Circuit found that the use of silence as substantive evidence of guilt, unlike the use for impeachment purposes, does not enhance the reliability of the criminal process and held that

the use of pre-arrest silence as substantive evidence of guilt is an impermissible burden upon the exercise of the privilege against self-incrimination. *Combs,* 205 F.3d at 283. Quoting *Doyle,* 426 U.S. at 617, 96 S.Ct. at 2244, that "every post-arrest silence is insolubly ambiguous," the court noted that there are many reasons why a defendant may remain silent before arrest, such as a knowledge of his or her *Miranda* rights or a fear that the statement may not be believed. *Combs,* 205 F.3d at 285. The court concluded that the probative value of such silence is therefore minimal.

We cannot ignore the ubiquity with which depictions of police procedures appear in popular entertainment, particularly the "*Miranda* warnings," and the consequent understanding that any statement made in the presence of police "can and will be used against you in a court of law." Although the Supreme Court has required only that such warnings be given when police are engaging in custodial interrogation, the average citizen is almost certainly aware that any words spoken in police presence are uttered at one's peril. While silence in the presence of an accuser or non-threatening bystanders may indeed signify acquiescence in the truth of the accusation, a defendant's reticence in police presence is ambiguous at best. We hold that pre-arrest silence in police presence is not admissible as substantive evidence of guilt under Maryland evidence law.

### III.

The State argues that any error is harmless beyond a reasonable doubt. In order for the error to be harmless, we must be convinced, beyond a reasonable doubt, that the error in no way influenced the verdict. *See Archer v. State,* 383 Md. 329, 361, 859 A.2d 210, 229 (2004); *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665, 678 (1976).

The only direct evidence presented of Weitzel's guilt was Crabtree's eyewitness testimony. According to Crabtree's account, he, Effland, Weiztel, and others had smoked cocaine and imbibed alcohol in Crabtree's apartment within the two

hours preceding the incident. He recalled that Weitzel had discovered Crabtree and Effland kissing, that Weitzel and Effland had begun arguing, that Effland had slapped Weitzel, and that Crabtree had ordered the two out of his apartment because of the noise. Crabtree testified that as he was escorting Weitzel and Effland down the stairs, Weitzel grabbed Effland "[b]etween the shoulder blades and the lower back gripping her jacket" and threw her down the last flight of steps into the basement.

Both Effland and Weitzel testified that they had no memory of what had occurred in the stairwell—Effland as a result of her head trauma and Weitzel as a result of the "blackouts" he sometimes experienced after mixing cocaine and alcohol.

The circumstantial indication of guilt implied by Weitzel's silence was therefore the only significant evidence corroborating Crabtree's eyewitness account. As the only other person present at the time of Effland's fall, Crabtree was the obvious alternative suspect in her assault and thus had a clear motivation to fabricate his testimony. Without the corroborative evidence of Weitzel's silence, the jury could easily have concluded that Crabtree's testimony was insufficiently trustworthy to establish guilt beyond a reasonable doubt.

In his closing argument, the prosecutor argued as follows: "[Weitzel] heard the accusation that he had thrown Darla down the steps. Any one of us, Ladies and Gentlemen, would have said no way. That's not true. That is, if it was not true. He didn't respond to that. The law says that is the tacit admission where the Defendant basically adopts the statement made because if it wasn't true, he would have objected to it. That is corroborative evidence. That is circumstantial evidence that Tom Crabtree is telling the truth. That is direct evidence that the Defendant is the person responsible."

On this record, we cannot conclude beyond a reasonable doubt that the evidence of Weitzel's silence in no way influenced the verdict. Because that evidence was admitted in error, we reverse and remand for a new trial.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AND REMAND THE CASE TO THAT COURT FOR A NEW TRIAL. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.*

CATHELL and BATTAGLIA, JJ., dissent.

Dissenting Opinion by BATTAGLIA, J.

The majority overrules our decision in *Key–El v. State*, 349 Md. 811, 818–19, 709 A.2d 1305, 1308 (1998) that pre-arrest, pre-*Miranda* silence in the presence of a police officer may be admissible as substantive evidence of guilt. The majority concludes that the better view is to preclude the admission of pre-arrest silence in the presence of a police officer as a tacit admission under Maryland law because it is "too ambiguous to be probative." *See* maj. op. at 456–57, 863 A.2d at 1002. I disagree and would affirm the judgment of the Court of Special Appeals because we should not overrule the quite recent decision in *Key–El* to avoid reaching the issue of whether the trial judge abused his discretion in admitting the evidence in this case.

The majority relies on the Supreme Court's opinion in *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), for the proposition that a defendant's silence is ambiguous, and thus, not probative of guilt. *See* maj. op. at 458–59, 863 A.2d at 1003. The Supreme Court in *Hale*, however, explained that an accused's silence during an initial police interrogation after *Miranda* warnings had been given was unclear because the "inherent pressures of in-custody interrogation exceed those of questioning before a grand jury and compound the difficulty of identifying the reason for silence." *Hale*, 422 U.S. at 177, 95 S.Ct. at 2137, 45 L.Ed.2d at 108. Certainly, *Hale* was good law and was considered when *Key–*

*El* was decided in 1998. It is inapposite because in this case we are not dealing with a defendant's in-custody, post-*Miranda* silence.[1]

Also, numerous sister courts have commented on the probative value of pre-arrest silence and held such evidence admissible. Courts have ruled that an accused's silence offered as evidence of guilt represents but one piece of circumstantial evidence that is a natural adversarial component of the overall trial. *See U.S. v. Beckman,* 298 F.3d 788, 795 (9th Cir.2002) (affirming trial court's use of pre-arrest silence as one factor to determine the defendant's guilt); *U.S. v. Oplinger,* 150 F.3d 1061, 1066–67 (9th Cir.1998) (upholding admission of pre-arrest silence as substantive evidence as part of jury determination); *U.S. v. Zanabria,* 74 F.3d 590, 593 (5th Cir.1996) (allowing pre-arrest silence to be used as substantive evidence of guilt); *U.S. v. Rivera,* 944 F.2d 1563, 1569–70 (11th Cir. 1991) (admitting pre-arrest silence as one component of substantive evidence of guilt); *State v. Case,* 140 S.W.3d 80, 86–87 (Mo.App.2004) (permitting jury to consider a defendant's pre-arrest silence as evidence of guilt); *State v. Lee,* 15 S.W.3d 921, 924–25 (Tex.Crim.App.2000) (holding that pre-arrest silence may be considered by jury as evidence of guilt); *State v. Richards,* 750 So.2d 940, 941–42 (La.1999) (affirming trial court's admission of defendant's pre-arrest silence as one factor to assess guilt).[2]

---

**1.** Contrary to the majority's view, Justice Stevens in a concurring opinion in *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (Stevens, J., concurring), construed the probative value of a defendant's pre-arrest, pre-Miranda silence, as evidence of guilt:

> The fact that a citizen has a constitutional right to remain silent when he is questioned had no bearing on the probative significance of his silence before he has any contact with the police. We need not hold that every citizen has a duty to report every infraction of law that he witnesses in order to justify the drawing of a reasonable inference from silence in a situation in which the ordinary citizen would normally speak out.

> *Id.* at 243, 100 S.Ct. at 2132, 65 L.Ed.2d at 98.

**2.** Several of the courts opposing the admission of pre-arrest silence as a tacit admission have conceded that the admission of such is harmless error when viewed in conjunction with all the other evidence that the

*Key–El* clearly proposes that pre-arrest silence following an accusation by a third party while in the presence of a police officer should be carefully considered by the trial court as to whether the impact of the officer's presence would deter a reasonable person from denying or explaining the accusation. *See Key–El,* 349 Md. at 819, 709 A.2d at 1308. The principles established in *Key–El,* concerning pre-arrest silence, provide adequate safeguards to overcome any unfair prejudice, whether an officer is present or not. The bright-line rule determined by the majority does not permit the use of deliberative discretion on the part of the trial judge, but rather reflects a wholesale refusal to acknowledge *any* probative value of pre-arrest silence, which was recognized by this Court within the last six years.

In overruling *Key–El* the majority fails to determine whether Weitzel's silence in this case was properly admitted under the tacit admission exception to the hearsay rule. The Court of Special Appeals did so and held that the admission of Weitzel's silence was not an abuse of discretion. The trial court determined that Weitzel had not been taken into custody or *Mirandized* and that his drinking alcohol and ingesting cocaine did not render him unable to understand the officer's questioning about the incident. Indeed, the trial court determined:

> [COURT] A reasonable person in Weitzel's position who would disagree with anything that Mr. Crabtree had said would have certainly spoken up to contradict it. Certainly when the officer gives him the opportunity and asks if he has anything to say with regard to Mr. Crabtree's

---

fact-finder must use to determine guilt or innocence. *See Ouska v. Cahill–Masching,* 246 F.3d 1036, 1049 (7th Cir.2001) (stating that admission of pre-arrest silence was harmless error); *United States v. Burson,* 952 F.2d 1196, 1201 (10th Cir.1991) (explaining that the evidence against the defendant was overwhelming and that the defendant's silence was but one component); *U.S. ex rel. Savory v. Lane,* 832 F.2d 1011, 1020 (7th Cir.1987) (noting that the defendant's silence was included in the overall weight of the evidence).

statement, he does not take advantage of that opportunity.

We should not abandon controlling precedent in *Key–El*, which was decided by this Court so recently. Deciding to reject precedent, especially one so recent, has serious consequences, as noted by a former mentor, William Reynolds: "[e]very overruling requires that a price be paid: loss of stability and confidence, damage to the efficiency of the system, [and] reduction in predictability." WILLIAM L. REYNOLDS, JUDICIAL PROCESS (West Publishing 3rd ed.2003).

I respectfully dissent.

Judge CATHELL authorizes me to state that he joins in this dissent.