**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

--------

No. 94-20752

--------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ZANABRIA,

Defendant-Appellant.

--------

Appeal from the United States District Court
for the Southern District of Texas

--------

January 25, 1996

Before POLITZ, Chief Judge, JONES and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:

Convicted by a jury of possession of cocaine with intent to distribute and of unlawful importation of cocaine, Miguel Zanabria appeals, contending that the trial court erred in an evidentiary ruling and in the wording of the final judgment, and that the prosecutor improperly commented on his pre-arrest silence and on the fact that he did not testify on his own behalf. For the reasons assigned, we affirm the convictions and sentences but return the matter to the district court for correction of a clerical error in the judgment.

Background

Zanabria was arrested after nearly three kilos of cocaine were found in his luggage during a customs search at Houston Intercontinental Airport. Indicted for possession of

cocaine with intent to distribute and unlawful importation,[1] Zanabria's defense was that his actions were the product of duress. Zanabria's wife testified that they were in a financial bind requiring that they borrow money from an unidentified third party and, in response to threats made against their eight-year-old daughter, Zanabria had engaged in the illegal activity to raise funds to pay off the debt to that person. Zanabria did not testify.

In rebuttal the government offered evidence of Zanabria's prior conviction for possession of cocaine. Zanabria had moved *in limine* for exclusion of this evidence and the trial judge indicated a disposition to exclude the evidence under Fed.R.Evid. 404(b) but admitted the evidence at trial, explaining that his earlier indication to the contrary was premised on Zanabria affirmatively demonstrating his knowledge of the presence of the cocaine in his luggage, obviating a need for the government to prove knowledge and intent. The court gave the jury limiting instructions that the prior conviction could be considered only in connection with the element of intent.

The jury returned verdicts of guilty on both counts. In its judgment-on-verdict, the district court inadvertently recited that Zanabria had been convicted of conspiracy to possess cocaine rather than the correct conviction of possession with intent to distribute cocaine. Sentenced to imprisonment for a term of 72 months and supervised release for five years, Zanabria timely appealed.

## Analysis

We first address the claimed error in the admission of evidence of the prior cocaine-related conviction. In considering evidence of other crimes under Rule 404(b), we consider whether the evidence is relevant to an issue other than character, and whether its probative

---

[1]21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 952(a), and 960(b)(2)(B).

value is not outweighed by the risk of undue prejudice.[2] We review that decision under the abuse of discretion standard.[3]

Zanabria contends that his invocation of his right against self-incrimination and decision not to testify in support of his duress defense do not justify the admission of evidence of the prior conviction. As the government correctly notes, Zanabria offered neither stipulation, admission, nor evidence which would remove the issue of criminal intent from the government's burden of proof. The government maintains that evidence of the prior conviction was therefore independently relevant to that issue. We agree.

Zanabria counters that even assuming independent relevance, the evidence involving an eight-year-old conviction for simple possession of cocaine was too factually and temporally remote. This argument overlooks the fact that the same drug is involved, indicating Zanabria's knowledge of the drug and of people dealing with it. Zanabria's duress defense further heightens this relevance.[4] We perceive no abuse of discretion in the trial court's evidentiary ruling.

We next consider Zanabria's claim of improper prosecutorial comment when, in closing argument, the following reference was made to the duress defense:

> Now, where do we make the quantum leap to somebody saying that you have got to do this to avoid that? Where is that? That was promised to you in the opening statement, but it was not -- there was no delivery of that.

Zanabria maintains that when viewed in context, this comment implicitly related to his

---

[2]**United States v. Beechum**, 582 F.2d 898 (5th Cir.) (*en banc*), cert. denied, 440 U.S. 920 (1978).

[3]**United States v. Bentley-Smith**, 2 F.3d 1368 (5th Cir. 1993).

[4]See **United States v. Hooker**, 997 F.2d 67 (5th Cir. 1993) (Rule 404(b) evidence admissible to rebut defense of entrapment); **United States v. Hearst**, 563 F.2d 1331 (5th Cir.), cert. denied, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978) (Rule 404(b) evidence admissible to rebut defense of duress).

failure to testify because the evidence of a link between the threats and the offense could come only from him. There was no timely objection and our review must be for plain error, i.e., an error which is clear and which affects substantial rights.[5]

The statement suggests and the record supports the proposition that the prosecutor was highlighting only Zanabria's failure to connect his claimed duress to his decision to transport drugs into the United States. Zanabria would have the court imply too much from this comment. We are not persuaded that these comments clearly implicate Zanabria's decision not to testify and therefore find no error..

Finally, we address Zanabria's complaint that the prosecutor's use of his pre-arrest silence violated his fifth amendment guarantees against self-incrimination. There was no timely objection and our review of this assigned error must be limited to plain error.[6]

The arresting customs officer testified that prior to his arrest Zanabria said nothing about threats against his daughter or that he was in any kind of trouble or needed any help. In closing argument the prosecutor used this testimony to rebut the duress defense by underscoring that the alleged threats were never reported to the authorities, either here or in Colombia where the child was located.

Assuming without deciding that Zanabria's pre-arrest silence falls within the reach of "testimonial communications" protected by the fifth amendment, the record makes manifest that the silence at issue was neither induced by nor a response to any action by a government agent. The fifth amendment protects against compelled self-incrimination but does not, as Zanabria suggests, preclude the proper evidentiary use and prosecutorial

---

[5]**United States v. Olano**, _____ U.S. _____, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); **United States v. Calverley**, 37 F.3d 160 (5th Cir.) (*en banc*), cert. denied, _____ U.S. _____, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995).

[6]**Id.**

4

comment about <u>every</u> communication or <u>lack</u> thereof by the defendant which may give rise to an incriminating inference. We find no error in the use of this evidence or in the prosecutor's comments thereon.

We conclude by noting that in its recitation of the crimes of conviction the judgment is not consistent with the verdict. This error is evident from the record and is conceded by both parties. We therefore return this matter to the district court for the correction of clerical error in accordance with Fed.R.Crim.P. 36.

AFFIRMED and returned to the district court for action consistent herewith.