IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31358
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL CAULFIELD, also known as
Big Mike,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-253-9-N
--------------------
August 20, 2002

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Michael Caulfield appeals his conviction and sentence for conspiracy to possess a specified range of cocaine hydrochloride and crack cocaine, distribution of crack cocaine, and use of a communications facility in furtherance of a drug offense. He contends that the Government improperly commented on his right to testify. As Caulfield did not object to the Government's comment in the district court, review is for plain error. United States

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Zanabria, 74 F.3d 590, 592 (5th Cir. 1996). Caulfield has not shown that the prosecutor's "manifest intent" was to comment on Caulfield's failure to testify or that the jury "naturally and necessarily" interpreted the comment as such. See United States v. Collins, 972 F.2d 1385, 1406 (5th Cir. 1992)(internal quotations and citation omitted).

Caulfield asserts that the district court erred in admitting a lay witness to give opinion testimony. He has not shown that the district court abused its discretion in allowing the case agent to testify about the unique methods of operation that are common to drug traffickers. FED. R. EVID. 701; United States v. Washington, 44 F.3d 1271, 1282-83 (5th Cir. 1995).

Caulfield maintains that the district court's use at sentencing of a quantity near the top of the range of crack cocaine found by the jury violated due process. As his sentence did not exceed the statutory maximum, there was no violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court's decision to use 49 grams of crack cocaine for sentencing purposes was not clear error. See United States v. McWaine, 290 F.3d 269, 273 (5th Cir. 2002).

Caulfield also asserts that the district court erred in giving him the same sentence for the conspiracy count and the distribution count because the distribution count necessarily involved a lower drug quantity. As he did not object to this sentence, review is for plain error. United States v. Rodriguez,

15 F.3d 408, 418 (5th Cir. 1994).  He has not shown that the district court plainly erred in imposing the sentence for distribution.  <u>See</u> U.S.S.G. §§ 3D1.2(b), 3D1.3(a).  Caulfield's convictions and sentences are AFFIRMED.