**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 5, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51231
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GEORGE LUIS GUZMAN; JUAN J. FLOREZ,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-96-1
--------------------

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    George Luis Guzman appeals his convictions for conspiracy to
possess with intent to distribute 50 grams or more of cocaine
base (count 1 of the indictment) and aiding and abetting
distribution of 5 grams or more of cocaine base (count 4), and
Juan J. Florez appeals his convictions for conspiracy to possess
with intent to distribute 50 grams or more of cocaine base and a
quantity of cocaine (count 1) and aiding and abetting
distribution of 5 grams or more of cocaine base (count 4).  Both

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guzman and Florez argue that the judgments are incorrect with regard to count 1 of the indictment because, they argue, count 1 was dismissed in its entirety. Both argue that the judgment must be consistent with the verdict. Their argument that count 1 was dismissed in its entirety fails. The record shows clearly that the district court dismissed only the portion of count 1 containing the conspiracy-to-possess-with-intent-to-distribute charge. However, Guzman and Florez are correct that the judgments do not reflect the jury's verdict. Both judgments are incorrect for stating a conviction for the conspiracy-to-possess-with-intent-to-distribute charge instead of a charge of conspiracy to distribute controlled substances. As the Government acknowledges, the judgments also are in error for stating that Guzman and Florez were convicted of conspiracy involving 50 or more grams of cocaine base. The judgment must conform to the jury's verdict and, therefore, needs to be corrected. See United States v. Zanabira, 74 F.3d 590, 593 (5th Cir. 1996).

Guzman argues that the evidence is insufficient to support his convictions under count 1 and count 4 and that the district court erred in overruling his motion for judgment of acquittal as to count 1. Florez argues that the evidence does not support his convictions because the testimony established only that he accompanied Guzman to a motel room where Guzman, unbeknownst to him, delivered drugs.

Given the recorded conversation of Guzman, Florez, and the confidential source, the jury could have concluded that Florez came to Guzman's apartment to help him make crack cocaine in return for something. The jury also could have concluded that Florez participated with Guzman on another occasion in trying to find drugs for the confidential source. Therefore, the conspiracy convictions of Guzman and Florez represent no manifest miscarriage of justice. See United States v. Lechuga, 888 F.2d 1472, 1476 (5th Cir. 1989); United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).

Given that the jury had before it evidence that Florez had attempted to make crack cocaine with Guzman a couple of weeks before and was supposed "to get something" out of the deal, the jury could have concluded that Florez was continuing to assist Guzman in making or procuring crack on April 16, 2003, when Guzman delivered crack cocaine to the undercover agents and the confidential source. Guzman's and Florez's convictions on count 4 represent no manifest miscarriage of justice. See United States v. Stewart, 145 F.3d 273, 277 (5th Cir. 1998); McIntosh, 280 F.3d at 483.

Florez argues that his motion for a mistrial should have been granted based on the fact that his counsel was surprised when he received a revised transcription of a recorded conversation the night before trial. Florez did not show that the revised transcript was incorrect in identifying Florez as

being present for the conversation.  Defense counsel had a copy of the tape before trial.  The district court allowed extensive cross-examination regarding the revised transcript.  Moreover, the district court correctly admonished the jurors that whether the transcript was correct was entirely for the jury to determine.  The district court did not abuse its discretion in denying the motion for mistrial.  See United States v. Limones, 8 F.3d 1004, 1007 (5th Cir. 1993).

Florez argues that to satisfy due process, the Government must turn over requested exculpatory material, that he was harmed by the eve-of-trial disclosure of the revised tape transcription showing his participation in the drug transaction, and that a defendant's statement is discoverable whether summarized, taped, or transcribed under FED. R. CRIM. PROC. 16(a)(1).

Florez's argument regarding the revised transcript is inapposite.  First, the fact that Florez was present and the statements Florez made are not exculpatory.  Second, Rule 16(a)(1) is inapplicable.  See FED. R. CRIM. PROC. 16(a)(1); United States v. Flores, 63 F.3d 1342, 1365-66 (5th Cir. 1995).

Guzman argues that the district court erred in failing to include an entrapment instruction because the Government targeted him, launching an elaborate scheme to convict him, and because it was the Government informant who first made contact and suggested engaging in criminal activity.  The fact that Guzman was targeted or that the Government initially approached him is not sufficient

to warrant an entrapment instruction.  See United States v. Gutierrez, 343 F.3d 415, 420 (5th Cir. 2003).

As demonstrated by Guzman's demonstrated knowledge of the details of the crime, Guzman did not lack the predisposition to commit the offense, and a jury instruction on the defense of entrapment was not warranted.  See United States v. Ogle, 328 F.3d 182, 186 (5th Cir. 2003); Gutierrez, 343 F.3d at 419.  The district court's judgment is AFFIRMED, and the case is returned to the district court with instructions to make the clerical corrections to the judgments as to count 1 to conform with the jury's verdict.  See Zanabira, 74 F.3d at 593.