PER CURIAM.
The petitioner, Richard Lee Narlock, is a Michigan state prisoner who filed a federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree child abuse. The district court denied relief and the petitioner now appeals, raising three issues for our review: (1) ineffective assistance of trial counsel in failing to object to testimony that Narlock had remained silent and asked for an attorney at the time of his arrest, but prior to receiving Miranda warnings; (2) ineffective assistance of counsel in failing to object to inadmissible hearsay testimony by several witnesses regarding the victim’s description of the offense; and (3) prosecutorial misconduct in failing to disclose evidence concerning the *35 petitioner’s silence at the time of his arrest, in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
The district court correctly held that this case is controlled by the Antiterrorism and Effective Death Penalty Act (AED-PA), 28 U.S.C. § 2254(d), and the Supreme Court’s opinion in Taylor v. Williams, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), interpreting the relevant AEDPA provisions.
At the time of the petitioner’s trial in 1995, the constitutionality of using a defendant’s pr e-Miranda silence as substantive evidence had not been addressed by the Supreme Court and was the subject of disagreement among the circuits. Hence, under the standard of review mandated by Williams, there was no rule “clearly established” by holdings of the Supreme Court that would have applied in to testimony regarding Narlock’s pr e-Miranda silence. It follows, as the district court noted, that the decision of the Michigan Court of Appeals upholding the petitioner’s conviction despite its use could not be said to be contrary to or an unreasonable application of clearly established federal law. See § 2254(d). Moreover, giving appropriate deference to the state court’s determination, the district court agreed that counsel’s failure to object to testimony regarding the petitioner’s silence was, at most, harmless error and, therefore, that the petitioner had failed to demonstrate the prejudice required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to warrant relief on a claim of ineffective assistance of counsel.
The district court also deferred to the state court’s ruling on the use of hearsay statements at Narlock’s trial, finding that their admissibility was a matter of state law and that the failure to object to the hearsay was not ineffective, both because most of the hearsay in question was admissible under recognized exceptions to the hearsay rule and because much of it was consistent with the petitioner’s defense theory and therefore not prejudicial.
Finally, the district court held that there was no Brady violation because the evidence in question was not favorable to the defense and because it was known to the defense prior to trial. The district court concluded that there was no evidence of prosecutorial misconduct resulting in prejudice to the petitioner.
Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying habeas relief. Because the reasons why judgment should be entered for the respondent have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion dated January 17, 2003.