MEMORANDUM OPINION

No. 04-03-00850-CR

Jessica L. TELLEZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas 
Trial Court No. 2002-CR-4755C
Honorable Pat Priest, Judge Presiding



 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Alma L. López, Chief Justice (concurring in the judgment only)
Sarah B. Duncan, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   June 29, 2005

AFFIRMED
            Jessica Tellez appeals the judgment convicting her of murder and sentencing her to thirty
years confinement in the Texas Department of Criminal Justice – Institutional Division. Tellez
argues she was denied due process of law by the State’s use of her pre-arrest, pre-Miranda silence
as substantive evidence of guilt and that her trial attorney rendered ineffective assistance of counsel
by failing to properly object to the State’s use of her pre-arrest silence as evidence of guilt. We
disagree and affirm.
            1. Tellez argues her right to due process under the Fifth Amendment to the United States
Constitution was violated by the “prosecution stressing and repeating evidence that [Tellez] had
failed to immediately contact authorities and present her exculpatory version of the facts” and
“impl[ying] that [her] silence and failure to come forward were a tacit admissions [sic] of guilt.”



Tellez identifies nine instances in which she contends the “State attempted to use [her] silence as a
tacit admission of guilt.” However, in eight of these, Tellez either failed to object or objected on
grounds different from that she urges on appeal. With respect to these eight instances, Tellez
therefore failed to preserve any error for review. See Tex. R. App. P. 33.1(a); Saldano v. State, 70
S.W.3d 873, 889 (Tex. Crim. App. 2002) (holding that “the failure to object in a timely and specific
manner during trial forfeits complaints about the admissibility of evidence ... even though the error
may concern a constitutional right of the defendant”); Ibarra v. State, 11 S.W.3d 189, 197 (Tex.
Crim. App. 1999) (holding that “[b]ecause [appellant’s] trial objection does not comport with the
issue raised on appeal, [appellant] has preserved nothing for review”), cert. denied, 531 U.S. 828
(2000).
            Tellez did raise a Fifth Amendment objection when the prosecutor asked one of the
investigating officers whether Tellez contacted him on the day of the murder “to let [him] know ...
she was just an unwitting accessary to this.” However, because “[p]re-arrest silence is a
constitutionally permissible area of inquiry,” the trial court did not err in overruling the objection.
Waldo v. State, 746 S.W.2d 750, 755 (Tex. Crim. App. 1988); see United States v. Zanabria, 74 F.3d
590, 593 (5th Cir. 1996); Harris v. State, 866 S.W.2d 316, 320 (Tex. App.–San Antonio 1993, pet.
ref’d).
            2. Tellez next argues her “trial counsel was ineffective for allowing the impermissible
evidence and failing to preserve [the issue] for appellate review.” Because Tellez has not shown that
the testimony about her pre-arrest silence was inadmissible, she has failed to establish that counsel’s
performance was deficient. See Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (holding
that “[w]hen an ineffective assistance claim alleges that counsel was deficient in failing to object to
the admission of evidence, the defendant must show, as part of his claim, that the evidence was
inadmissible”), cert. denied, 538 U.S. 998 (2003).
            The trial court’s judgment is affirmed.
 
Sarah B. Duncan, Justice
Do not publish