**File Name: 09a0049n.06**
**Filed: January 22, 2009**
NOT FOR FULL-TEXT PUBLICATION

NO. 07-1419

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LOUIS JAHMAL JONES,

        Petitioner-Appellant,

                                     ON APPEAL FROM THE
v.                              UNITED STATES DISTRICT
                                     COURT FOR THE EASTERN
JAN E. TROMBLEY,         `        DISTRICT OF MICHIGAN

        Respondent-Appellee.

_____/

BEFORE:    SUHRHEINRICH, GILMAN and WHITE; Circuit Judges.

        **SUHRHEINRICH, Circuit Judge.**  Louis Jahmal Jones appeals pro se from a district court

judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254.

        In 2001, a Michigan jury convicted Jones of first-degree premeditated murder and of being

a third-felony habitual offender. *See* Mich. Comp. Laws §§ 750.316, 769.11. He was sentenced to

a term of life in prison without parole, and that sentence was affirmed on direct appeal. *Michigan*

*v. Jones*, No. 237081, 2003 WL 22113959 (Mich. Ct. App. Sept. 11, 2003) (unpublished).

        In his § 2254 petition, Jones alleged that the prosecutor improperly elicited testimony

indicating that Jones had remained silent when he was initially stopped by the police but before he

was advised of his right to remain silent under *Miranda v. Arizona*, 384 U.S. 436, 471-72 (1966).

He also alleged that the prosecutor commented on his *pre-Miranda* silence to the jury. Thus, Jones

alleged that the prosecution violated his rights by using his silence as substantive evidence of guilt.

The district court denied the petition on February 13, 2007, and our court granted a certificate of

appealability on the following issues: 1) whether Jones's claim is barred by procedural default; and 2) whether the state court's rejection of his claim was based on an unreasonable application of controlling precedent. Appellate review is limited to these issues. *See* 28 U.S.C. § 2253(c).

The state court of appeals reviewed Jones's claim for plain error because he had not raised a contemporaneous objection at trial. *Jones*, 2003 WL 22113959, at *1. The contemporaneous objection rule is a firmly established and regularly followed procedural rule in the Michigan state courts. Since the state court of appeals was the last state court to issue a reasoned opinion in this case, its reliance on the plain error rule subjects Jones's claim to a procedural default analysis in the federal courts. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Thus, Jones was required to establish both cause and prejudice that might excuse his procedural default. *See Engle v. Isaac*, 456 U.S. 107, 109 (1982).

Jones now argues that his default was caused by the ineffective assistance of counsel at trial. However, he did not raise a separate ineffective assistance claim in the state courts. Thus, reliance on the alleged ineffective assistance of counsel to establish cause is unavailing. *See Coleman v. Mitchell*, 268 F.3d 417, 432 (6th Cir. 2001). The failure to establish cause is independently sufficient to defeat his claim. *See Murray v. Carrier*, 477 U.S. 478, 494-95 (1986). Nevertheless, we note that Jones has not established the required prejudice in light of the other evidence that was submitted against him. Nor has he shown that there was a fundamental miscarriage of justice that might excuse his procedural default. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

At any rate, the district court properly determined that Jones was not entitled to relief because the state court's rejection of his claim was not based on an unreasonable interpretation of the facts or on an unreasonable application of controlling Supreme Court precedent. *See* 28 U.S.C. § 2254(d). The state court of appeals reasoned as follows when it finally rejected Jones's claim:

> The present issue [of] whether custodial pre-*Miranda* silence may be used as substantive evidence of guilt has never been decided in Michigan and has divided the federal circuit courts of appeal. The Ninth, Fifth, and Eleventh Circuit Courts of

2

Appeal have held that the prosecution may comment on the defendant's silence if it occurred before the time he was required to be given his *Miranda* warnings. However, the Sixth, Tenth, First, and Seventh Circuits have held that it is a violation of the defendant's Fifth Amendment right against self-incrimination for the prosecution to comment on a defendant's pre-*Miranda* silence as substantive evidence of guilt. Because the United States Supreme Court has not ruled on the question and the federal circuit courts of appeals are divided, we are not bound by either line of authority.

. . . .

In light of the substantial direct and circumstantial evidence linking defendant to the crime, we conclude that defendant was not actually innocent. Further, because of the split of authority in the federal circuit courts of appeal on the issue, the error was not clear or obvious and did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. At the present time, such evidence would be admissible in nearly half of the federal circuits that have addressed the issue. For these reasons, we would hold that plain error warranting reversal did not occur.

*Jones*, 2003 WL 22113959, at *1-2 (citations and footnotes omitted).

The district court reviewed the state court's decision under the Antiterrorism and Effective Death Penalty Act of 1996, which proscribes habeas corpus relief regarding any claim that was decided on the merits in the state courts, unless the state court's adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d). In applying this test, the federal courts examine the holdings of the Supreme Court as they existed at the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). However, the reviewing court may look to the decisions of other courts that interpret or explain the Supreme Court holdings to determine whether a legal principle was clearly established by the Court. *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004). The proper inquiry is whether the state court's decision was "objectively unreasonable" and not simply erroneous or incorrect. *Taylor*, 528 U.S. at 409-11. The constitutionality of using a defendant's pre-*Miranda* silence as substantive evidence of guilt had not been addressed by the Supreme Court.

3

Consequently, the district court concluded that the state court's analysis was not based on an unreasonable application of Supreme Court precedent.

Jones now argues that finding a constitutional bar to the prosecution's reference to his pre-*Miranda* silence is a natural extension of the Supreme Court's holdings in *Miranda* and its progeny. Habeas corpus relief is available if a state court unreasonably refuses to extend Supreme Court precedent to a new context. *Williams*, 529 U.S. at 407. However, this part of the unreasonable application test is of no help to Jones because the state court properly noted that the federal courts of appeal have reached differing conclusions regarding the use of a defendant's pre-*Miranda* silence:

> The Ninth, Fifth, and Eleventh Circuit Courts of Appeal have held that the prosecution may comment on the defendant's silence if it occurred before the time he was required to be given his *Miranda* warnings. See *US v. Oplinger*, 150 F3d 1061, 1066-1067 (CA 9, 1998); *US v. Zanabria*, 74 F3d 590, 593 (CA 5, 1996); *US v. Rivera*, 944 F.2d 1563, 1568 (CA 11, 1991). However, the Sixth, Tenth, First, and Seventh Circuits have held that it is a violation of the defendant's Fifth Amendment right against self-incrimination for the prosecution to comment on a defendant's pre-*Miranda* silence as substantive evidence of guilt. See *Combs v. Coyle*, 205 F3d 269 (CA 6, 2000); *US v. Burson*, 952 F.2d 1196, 1201 (CA 10, 1991); *Coppola v. Powell*, 878 F.2d 1562, 1568 (CA 1, 1989); *US ex rel Savory v. Lane*, 832 F.2d 1011, 1017 (CA 7, 1987).

*Jones*, 2003 WL 22113959, at *1 (footnote omitted). *See also Narlock v. Hofbauer*, 118 F. App'x 34, 35 (6th Cir. December 6, 2004) (per curiam) (holding that a state court's admission of postarrest, pre-*Miranda* silence could not be said to be contrary to or an unreasonable application of clearly established federal law); *Mitchell v. Lafler*, 118 F. App'x 24, 27 (6th Cir. Nov. 23, 2004) (per curiam) (holding that a state trial court's admission as substantive evidence of the petitioner's prearrest silence did not warrant relief under the AEDPA), *cert. denied*, 544 U.S. 983 (2005).

The Supreme Court may ultimately determine that the right against self-incrimination extends to a defendant's pre-*Miranda* silence.[1] However, the state court's analysis was not objectively

---

[1]This Court's decision in *Combs v. Coyle*, 205 F.3d 269, 281 (6th Cir.), *cert. denied*, 531 U.S. 1035 (2000), granting habeas relief on the ground that use of prearrest, pre-*Miranda* silence as substantive evidence of guilt violates the Fifth Amendment right against self-incrimination, is not

unreasonable in light of the authority that it cited from the Fifth, Ninth and Eleventh Circuits.  Since the state court's analysis was not based on an unreasonable application of Supreme Court precedent or an unreasonable refusal to extend that precedent, the district court properly concluded that Jones had not established sufficient grounds for federal habeas corpus relief.

Accordingly, the district court's judgment is affirmed.

---

controlling because it is a pre-AEDPA decision and therefore decided under a de novo standard of review.