Opinion filed June 10,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00183-CR

                                                    __________

 

                            JEFFREY
DEE STEADMAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 8299D

 



 

                                                                  O
P I N I O N

 

            The
jury convicted Jeffrey Dee Steadman guilty of three out of four counts of
aggravated sexual assault of a child younger than fourteen years and of two
counts of indecency with a child, and assessed his punishment on each of the
three aggravated sexual assault charges at ninety-nine years confinement and a
$10,000 fine.  The jury also assessed Steadman’s punishment on each of the two
counts of indecency with a child at confinement for twenty years and a fine of
$10,000.  The sentences are to run concurrently.  We affirm.

            There
is no challenge to the sufficiency of the evidence.

              Former
Abilene Police Detective Thomas Valdez testified that he began the
investigation in this case after he received a telephone tip.  After Detective
Valdez had interviewed various persons, including the minor victim, he
determined that Steadman was a suspect in the offense.  Detective Valdez left a
message for Steadman, and Steadman later returned the call.  Detective Valdez
testified that Steadman was aware of the allegations.  During  Detective Valdez’s
testimony, the prosecutor asked:  “[D]id he admit or deny the allegations?” 
Detective Valdez answered:  “No.”  Steadman’s objection was overruled.  Detective
Valdez also told the jury that he and Steadman made an appointment for an
interview but that Steadman did not show up.

            In
his first issue on appeal, Steadman complains that the trial court reversibly
erred when it overruled a Fifth Amendment objection that he made.[1] 
Steadman argues that his Fifth Amendment rights were violated when the trial
court allowed Detective Valdez to testify that Steadman neither admitted nor
denied the allegations against him.  We disagree.

            On
appeal, we review the trial court’s decision to exclude or to admit evidence
under an abuse of discretion standard.  McDonald v. State, 179 S.W.3d
571, 576 (Tex. Crim. App. 2005).  We will not reverse a trial court’s decision
in that regard absent a clear abuse of discretion.  Id.  An abuse of
discretion occurs when the decision of the trial court regarding the admission
or exclusion of evidence is “so clearly wrong as to lie outside that zone
within which reasonable persons might disagree.”  Id.

The
time frame to which Detective Valdez referred was at a time when Steadman had
neither been arrested nor been given his Miranda[2]
warnings.  The law is somewhat unsettled in this area, but we do have some
guidance.  Although the case involved post-Miranda silence, the Texas
Court of Criminal Appeals has stated that “[p]rearrest silence is a
constitutionally permissible area of inquiry.”  Waldo v. State, 746
S.W.2d 750, 755 (Tex. Crim. App. 1988).  In another case, while the court found
it unnecessary to address the question of the admissibility of pre-arrest
silence, it did note that there were those federal courts of appeals that had
held that pre-arrest silence is admissible.  It also noted that there were
other federal courts of appeals in which the opposite result was reached.  Griffith
v. State, 55 S.W.3d 598, 607 n.33 (Tex. Crim. App. 2001); see also State
v. Lee, 15 S.W.3d 921, 924-25 n. 5 (Tex. Crim. App. 2000) (referring to
courts in various jurisdictions and their approach to comments upon the silence
of a defendant when exercised at various stages in an investigation). 

            We
also find direction from decisions in the federal courts of appeals.  In United
States v. Oplinger, 150 F.3d 1061, 1066-67 (9th Cir. 1998), the silence commented
upon occurred at a time before the defendant was arrested and before he had
received any Miranda warnings, just as in this case.  Further, the
silence was not in response to any questioning by government officials, again,
just as in this case.  The court referred to the fact that, although the
Supreme Court had not ruled on the exact issue before the Oplinger court
and this court, that court has held that the government, for impeachment
purposes, may properly comment upon a defendant’s pre-arrest silence.  Oplinger,
150 F.3d at 1066 (citing Jenkins v. Anderson, 447 U.S. 231, 239 (1980)). 
The court in Oplinger held that the pre-arrest/pre-Miranda comments
there did not offend the Fifth Amendment.  

The
court also discussed those situations in which an accused had received his Miranda
warnings and chose to remain silent.  In those situations, the government has,
at least implicitly, told the accused that he has the right to remain silent
and the exercise of the right would not be used against him.  It would be
fundamentally unfair to then use that silence against the accused.  Id. at
1067 n.5; United States v. Rivera, 944 F.2d 1563, 1567 (11th Cir. 1991). 
That is not the case in pre-arrest/pre-Miranda situations.  “There is no
governmental inducement to remain silent and no promise that an individual’s
silence will not be used against him.”  Oplinger, 150 F.3d at 1067.  The
court reasoned that in such situations there was no fundamental unfairness.  Id. 


            The Oplinger
court recognized that the First, Seventh, and Tenth Circuits have held that
comments upon pre-arrest silence violate the Fifth Amendment privilege against
self-incrimination.  Id. (citing United States v. Burson, 952
F.2d 1196, 1200-01 (10th Cir. 1991); Coppola v. Powell, 878 F.2d 1562,
1565-68 (1st Cir. 1989); United States ex rel. Savory v. Lane, 832 F.2d
1011, 1018 (7th Cir. 1987)).  “[T]he position those courts have endorsed is
simply contrary to the unambiguous text of the Fifth Amendment, which plainly
states that ‘[n]o person…shall be compelled in any criminal case to be a
witness against himself.’ (citing U.S. Const.
amend. V).”  Id.  The court also noted that in the cases to which it
referred wherein the position was taken that such testimony violated the Fifth
Amendment, the party seeking to claim the privilege had been questioned by a
governmental official.  Id. at 1067 n.6.  That was not the case in Oplinger
and that is not the case in this appeal.

The
court in Oplinger noted that the Fifth and Eleventh Circuits share its
opinion that comments upon pre-arrest/pre-Miranda silence do not violate
the Fifth Amendment.  Id. at 1067;  see, e.g., Rivera, 944 F.2d at
1568 (“The government may comment on a defendant’s silence if it occurred prior
to the time that he is arrested and given his Miranda warnings.”). 

In
United States v. Zanabria, 74 F.3d 590 (5th Cir. 1996), the defendant
was accused of possession of cocaine with the intent to distribute.  Although
the defendant did not testify, his wife did.  She testified that the defendant acted
under duress.  They had been in financial trouble and had borrowed money from a
certain individual.  The defendant’s wife testified that threats had been
directed toward their eight-year-old daughter, and in the face of those
threats, the defendant engaged in this criminal activity only to pay back the
money.  At trial, the customs officer who arrested the defendant was allowed to
testify that, prior to his arrest, the defendant said nothing about those
threats or that he was in any kind of trouble.  During closing argument, the
prosecutor also referred to the fact that the threats were never mentioned.  On
appeal, the court said, “Assuming without deciding that [the defendant’s]
pre-arrest silence falls within the reach of ‘testimonial communications’
protected by the fifth amendment, the record makes manifest that the silence at
issue was neither induced by nor a response to any action by a government
agent.”  Zanabria, 74 F.3d at 593.

We
agree with the reasoning of the courts in Oplinger, Rivera, and
Zanabria.  We hold, as stated by the court in Waldo, that pre-arrest
silence of a defendant who has not received any Miranda warnings “is a
constitutionally permissible area of inquiry.”  We further hold that Steadman’s
pre-arrest/pre-Miranda silence was not the result either of
interrogation or of his being compelled to be a witness against himself.  Our
holding is not to be taken to address those situations that involve comments
upon a defendant’s post-arrest/pre-Miranda silence or those involving
silence during interrogation.  We issue no holdings in connection with those
issues.  The trial court did not abuse its discretion.  We overrule Steadman’s
first issue.

            In
his second issue, Steadman maintains that the trial court erred when it
overruled his objection and motion for mistrial directed at a portion of the
State’s jury argument during the guilt/innocence phase of the trial.  During
closing argument, the prosecutor named the parties who had cooperated with
Detective Valdez in this case.  The prosecutor then argued, “The Defendant,
knowing what Thomas Valdez was calling to talk to him about, did not . . . deny.”
Steadman’s attorney interrupted with an objection that such a statement
constituted an improper comment on Steadman’s failure to testify.  The State
responded, “Prearrest silence is admissible and is proper jury argument under
Waldo v. State (sic).”  The trial court overruled the objection.  The
prosecutor then told the jury, “Everyone contacted cooperated, almost.” 
Steadman’s attorney again objected that such a statement was an impermissible
comment on the defendant’s failure to testify.  The trial court also overruled
that objection.

            We
review a trial court’s rulings on objections to jury arguments under an abuse
of discretion standard.  Cole v. State, 194 S.W.3d 538, 546 (Tex.
App.—Houston [1st Dist] 2006, pet. ref’d).  A trial court abuses its discretion
when the ruling was “so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.”  McDonald, 179 S.W.3d at 576.  

We
agree with Steadman that the failure of a defendant to testify cannot be
commented upon, directly or indirectly, during final jury argument.   Garrett
v. State, 632 S.W.2d 350, 351 (Tex. Crim. App. 1982).  However, the
allegedly offensive comment must be viewed from the jury’s viewpoint.  Bustamante
v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  It must be clear that
the comment refers to the defendant’s failure to testify.  Id.  The fact
that the comment might be construed as an implied or indirect allusion is not
sufficient.  Id.  The question “is whether the language used was
manifestly intended or was of such a character that the jury would necessarily
and naturally take it as a comment on the defendant’s failure to testify.”  Id. 
We must analyze the context in which the comment was made in order to determine
“whether the language used was of such character.”  Id.    

            Proper
areas of final jury argument are (1) summation of the evidence, (2) reasonable
deductions from the evidence, (3) answer to arguments of opposing counsel, and
(4) proper pleas for law enforcement.  Wesbrook v. State, 29 S.W.3d 103,
115 (Tex. Crim. App. 2000).  

When
examined in context, it is clear that the prosecutor’s comment upon Steadman’s
failure to deny the allegations to Detective Valdez was not directed at
Steadman’s failure to testify, but upon his failure to deny the allegations
during the telephone conversation.   It is also clear that the argument about who
had cooperated with the detective clearly referred to the same conversation. 
The State’s argument to the trial court that pre-arrest silence was admissible
under Waldo also referred to Steadman’s pre-arrest/pre-Miranda silence. 
We have held such silence to be a subject of proper inquiry.  Because the
evidence was admissible, a summation of that evidence is proper. Wesbrook,
 29 S.W.3d at 115.  Furthermore, the argument was a reasonable deduction
from the evidence.  Id.  We overrule Steadman’s second issue.

The
failure of the trial court to conduct a hearing on his motion for new trial is
the subject of Steadman’s third issue.  Steadman timely filed a motion for new
trial.  There was no hearing, and the motion was overruled by operation of
law.  Steadman argues that the trial court should have held a hearing on the
motion.  

We
review a decision to deny a hearing on a motion for new trial for an abuse of
discretion.  Smith v. State, 286 S.W.3d 333, 339 (Tex. Crim. App.
2009).  There is no absolute right to a hearing on a motion for new trial.  Id.
at 338.  If a defendant wants a hearing on his motion for new trial, he must
present it to the trial court within ten days after he files it.  Tex. R. App. P. 21.6; Carranza v.
State, 960 S.W.2d 76, 79-80 (Tex. Crim. App. 1998).  He must put the trial
court on notice that he wants the trial court to take some action on the motion.
 Carranza, 960 S.W.2d at 79-80.  Merely filing the motion is not
sufficient to constitute presentment.  Id. at 80.  Here, there is
nothing in the record to show that Steadman brought the motion to the actual
attention of the trial court.  Because there is no showing that Steadman
presented his motion to the trial court, he has not shown that the trial court erred
when it did not conduct a hearing on the motion for new trial.

There
is another reason that the trial court did not err.  If a defendant raises only
matters determinable from the record, a trial court does not abuse its
discretion when it fails to hold a hearing on the motion for new trial.  Holden
v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).  Even if the
defendant does raise matters not determinable from the record, the trial court
may conduct the hearing upon affidavits only; it is not required to take oral
testimony.  Id.  

In
this case, the only matter alleged in the motion for new trial was the failure
of the trial court to allow certain family members to remain in the courtroom
during voir dire.  Steadman attached an affidavit and certain pictures to the
motion for new trial, and those pictures showed the layout of the courtroom.  First,
the trial court was aware of the seating in the courtroom.  The record made
during the trial contains detailed information about the number and location of
available seats in the various parts of the courtroom.  The issue was fully
developed on the record, and the motion added nothing new.  We overrule Steadman’s
third issue.

In
his fourth issue, Steadman asserts that the trial court committed error when it
excluded three of Steadman’s family members from the courtroom during voir
dire.  The Court in Waller v. Georgia, 467 U.S. 39 (1984), reviewed
a case in which the public had been excluded from a motion to suppress
hearing.  The court noted that it had not decided the extent to which an
accused could insist upon a public trial under the Sixth Amendment to the
United States Constitution.  Id. at 44.  It did however refer to various
cases under the First Amendment to the United States Constitution in which it
was decided that the press and the public had a qualified right under the First
Amendment to attend a criminal trial.  Id.  One of those cases to which
the court referred was Press-Enterprise Co. v. Superior Court of California
Riverside County, 464 U.S. 501 (1984), a case decided under the First
Amendment.  The Court notes that, in that case, the First Amendment right was extended
to voir dire proceedings.  Id. at 44.  “[T]he explicit Sixth Amendment
right of the accused is no less protective of a public trial than the implicit
First Amendment right of the press and public.”  Id. at 46.  Therefore,
for purposes of this opinion, we will assume that the Sixth Amendment public
trial provisions of the United States Constitution extend to voir dire
proceedings.

In
Waller, the Supreme Court set forth the test
that should be used to determine the propriety of closure of proceedings to
which the Sixth Amendment’s public trial provision applies:  (1) the party seeking
to close the hearing must advance an overriding interest that is likely to be
prejudiced; (2) the closure must be no broader than necessary to protect that
interest; (3) the trial court must consider reasonable alternatives to closing
the proceeding; and (4) it must make findings adequate to support the closure. 
Id. at 48.  

Originally, the trial court did not enter findings on the
issues covered by the Waller test.  We abated this appeal in order that
the trial court might make those findings.  We now have those findings.

The trial court entered findings regarding the size and
configuration of the courtroom.  Sixty venire persons had been summoned to the
courtroom; there were sixty seats in the gallery area.  The trial court was
expecting an “emotionally charged” trial.  The space on each side of the
gallery area was very narrow, and anyone standing or sitting in that space
would be in close proximity to one or more of the venire persons.  The court
found that, if the family members were in such close proximity to the jury
panel members, it could make the panel members uncomfortable and reticent to
fully express their feelings, attitudes, and possible prejudices.  

The trial court also found that, although there was space
for the family members to stand or sit in the area behind the bar and in front
of the bench, that space is reserved for the court personnel and participants. 
Allowing others in this space would create security concerns, and security
concerns were heightened in this case.  Further, allowing others in this area
would interfere with access that the bailiff and other security personnel would
have to Steadman.  The trial court apparently considered placing the family
members in the jury box but found that would interfere with the process of
seating the jurors as they were selected.  As jurors would be selected, it
would be necessary to move the family members from the jury box to the area
behind the bar and in front of the bench, creating the same problems as if they
had been allowed there originally.  The trial court considered other
courtrooms, but there were none larger than the one in which this trial took
place.  The trial court also considered the central jury room, but it was not suitably
configured for a trial.   Further, in addition to all of these findings, the
trial court found that the central jury room was less secure than the courtroom
they were using.  

We
hold that the trial court’s findings are sufficient to meet the Waller test. 
The one seeking to close the hearing was the trial
court.  In its findings, the trial court advanced an overriding interest that
was likely to be prejudiced:  security.  The trial court did not make the closure
any broader than necessary to protect that overriding interest; only a few
family members were excluded, and that exclusion was only for the voir dire
portion of the trial.  The findings of the trial court also show that it
considered other reasonable alternatives to closing the proceeding.  The trial
court explored the use of other courtrooms and other facilities in the
courthouse and found each of those alternatives to be lacking as well.  We hold
that the trial court’s findings adequately support the closure under Waller. 
We overrule Steadman’s fourth issue.

We affirm the judgment of the trial court.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

June 10, 2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 









                [1]Steadman
makes no state constitutional claims.  All references to the Fifth Amendment
are to U.S. Const. amend. V.

 





                [2]
All references to Miranda refer to Miranda v. Arizona, 384 U.S.
436 (1966).