**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2012

No. 11-40521
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNALDO VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-257-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Arnaldo Villarreal was convicted in the Northern District of Florida of charges arising out of a marijuana conspiracy. After completing his term of imprisonment, he was released and began serving a term of supervised release. During the term of supervision, he was arrested in Laredo, Texas, while transporting an illegal alien. The probation office filed a revocation petition alleging that he violated the conditions of his supervised release by transporting aliens (Violation Number 1) and leaving the judicial district without permission

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40521

(Violation Number 2). The Northern District of Florida transferred jurisdiction over the supervised release to the Southern District of Texas.

Villarreal pleaded guilty to transporting an undocumented alien within the United States and at the same time stipulated that he had violated a supervised release condition. The district court revoked his term of supervision and sentenced him to an 18-month term of imprisonment. Villarreal does not challenge the reasonableness of his revocation sentence, but he argues that he stipulated only to the alien transportation violation and that there is no evidence that he committed Violation Number 2. The written revocation judgment reflects that Villarreal pleaded guilty to both of the charged violations. The parties agree that Villarreal did not admit or stipulate that he committed Violation Number 2, and review of the revocation colloquy confirms that Villarreal admitted only that he violated one release condition. Accordingly, the matter is remanded to the district court for the purpose of correcting the written judgment to reflect that Villarreal stipulated only to a single violation. *See United States v. Zanabria*, 74 F.3d 590, 593 (5th Cir. 1996) (remanding for correction of judgment where recitation of crimes of conviction was inconsistent with verdict).

AFFIRMED; REMANDED FOR CORRECTION OF JUDGMENT.